UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOANNE N. PHILLIPS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:03-cv-0391-RLY-WTL |
| | ) | |
| RAMCO, INC., f/d/b/a/ Highland Pointe | ) | |
| Nursing Home, | ) | |
|     Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This case was filed by Plaintiff, Joanne Phillips, on March 19, 2003. Ms. Phillips is an African-American. She claims that she was terminated from her employment with the Defendant, Ramco, Inc. ("RAMCO"), on account of her race. RAMCO claims Plaintiff was terminated because it received citations from the state agency charged with monitoring the quality of care provided at nursing homes and those citations were the result of her poor performance. Subsequent to her termination, RAMCO hired another African-American to take Plaintiff's place as Social Services Director at its nursing home. However, financial problems eventually led to the dissolution of RAMCO as a corporate entity, with no assets left for distribution.

More than a year ago, this court entered an order denying RAMCO's request for summary judgment, concluding as follows:

> Though it certainly appears as though Phillips may have a difficult time showing pretext with regard to RAMCO's legitimate non-discriminatory reason, assuming RAMCO introduces evidence in keeping with its

> statements in its brief, the record at this point is insufficient to support a summary judgment in Defendant's favor. It also appears that Phillip's chances of collecting on a judgment, even if one could be obtained, are not good. Accordingly, the court encourages the parties and counsel to consider creative methods of resolving this matter and the court will recommend to the Magistrate Judge assigned to this matter that he facilitate such discussions promptly through a settlement conference.

A settlement conference was scheduled before the Magistrate Judge in January 2005; however, it proved unsuccessful, due in part to attendance only by counsel.

On March 31, 2005, the Magistrate Judge noted the lack of party attendance at the settlement conference and entered an order to show cause why the case should not be dismissed, giving Plaintiff twenty days to respond. Plaintiff responded, by counsel, but no reason for the lack of attendance at the settlement conference was provided and the only reason offered by Plaintiff's counsel for keeping the case on the docket was the earlier denial of summary judgment. The case was not dismissed, but a status conference was set for August 10, 2005, before the Magistrate Judge.

Neither Plaintiff nor her counsel appeared for the status conference on August 10, 2005. RAMCO then filed the motion now pending before this court, seeking a dismissal for failure to prosecute. The Magistrate Judge set another status conference for September 13, 2005, and again the Plaintiff and her legal counsel failed to attend. It appears now that Plaintiff has lost all interest in pursuing this case further. Since the court has both the power and obligation to assure that the disposition of cases brought before it occurs in an orderly and expeditious manner, a dismissal is warranted when a party fails to abide by rules or attend conferences or hearings set to move the matter

forward. *See James v. McDonald's Corp.,* 417 F.3d 672, 681 (7th Cir. 2005).

Accordingly, Defendant's Motion to Dismiss for Failure to Prosecute is **GRANTED**, and Plaintiff's Complaint in this matter is DISMISSED WITH PREJUDICE.

SO ORDERED this 5th day of January 2006.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Derrick D. Eley
derrickdeley@yahoo.com

Heather L. MacDougall
BAKER & DANIELS
heather.macdougall@bakerd.com

John T. Neighbours
BAKER & DANIELS
jtneighb@bakerd.com

Kimberly A. Schmaltz
kimberly_a_schmaltz@hotmail.com